IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MATTRESS GIANT CORPORATION, §
                              §
              Plaintiffs,     §
                              § Civil Action No. 3:07-CV-1728-D
VS.                           §
                              §
MOTOR ADVERTISING & DESIGN    §
INC., et al.,                 §
                              §
              Defendants.     §

MEMORANDUM OPINION
AND ORDER

Plaintiff Mattress Giant Corp. ("Mattress Giant") moves to strike defendants Motor Advertising and Design, Inc.'s ("Motor Advertising's") and John Henning's ("Henning's") responsive pleading as improperly filed under Fed. R. Civ. P. 6(b)(1)(B). Concluding that only Henning's responsive pleading was improperly filed, the court grants Mattress Giant's motion as to him, but denies it as to Motor Advertising. Construing Henning's response brief to include a motion for an extension to answer under Rule 6(b)(1)(B), the court finds that Henning's untimely responsive pleading was a result of excusable neglect and grants his Rule 6(b)(1)(B) motion for an extension to answer the complaint.[1]

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

On March 25, 2008 the court vacated the entries of defaults against both Motor Advertising and Henning. *See Mattress Giant Corp. v. Motor Adver. & Design, Inc.*, 2008 WL 779919, at *1 (N.D. Tex. Mar. 25, 2008) (Fitzwater, C.J.). The court held that Mattress Giant's attempt to serve process on Motor Advertising through the Texas Secretary of State was defective. *Id.* at *3-*6. Because Motor Advertising was never properly served, and thus the 20-day answer period was never triggered, *see* Rule 12(a)(1)(A)(i), Motor Advertising's responsive pleading filed January 28, 2008 was not untimely. Therefore, Mattress Giant's motion to strike Motor Advertising's responsive pleading is denied as moot.

II

As to Henning, the court held that Mattress Giant did not properly serve him with process until December 20, 2007. *Id.* at *3. Henning had until January 9, 2008 to file a responsive pleading. *See id.*; Rule 12(a)(1)(A)(i). Thus Henning's responsive pleading filed January 28, 2008 was untimely.

Rule 6(b)(1)(B), formerly numbered Rule 6(b)(2),[2] provides the standard that controls the granting of an extension to file a responsive pleading after the deadline to answer has already expired. *See Mommaerts v. Hartford Life & Accident Ins. Co.*, 472

---

[2]The restyled Federal Rules of Civil Procedure took effect December 1, 2007.

F.3d 967, 968 (7th Cir. 2007) (applying Rule 6(b)(2) to defendant's attempt to answer complaint after deadline to file had already expired); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (same); *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 319 (2d Cir. 1986) (same); *Davis v. Pakhill-Goodloe Co.*, 302 F.2d 489, 495-96 (5th Cir. 1962) (same).

Because Henning attempted to file a responsive pleading after the deadline had already expired, it was necessary that he file a motion showing excusable neglect and obtain leave of court. *See* Rule 6(b)(1)(B) ("[T]he court may, for good cause, extend the time [to answer] on motion made after the time has expired if the party failed to act because of excusable neglect."); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165, at 532 (3d ed. 2002) ("A request for an extension under Rule 6(b)(2) should be made upon formal application for an order in compliance with the provisions of Rule 7(b)(1) relating to motions.").

Henning filed his January 28, 2008 responsive pleading without first obtaining leave of court. His answer was therefore improper, and Mattress Giant is entitled to have the answer stricken. But because Henning's response brief to Mattress Giant's motion to strike addresses the Rule 6(b)(1)(B) factors, the court construes it as a motion to file an untimely answer under Rule 6(b)(1)(B), to which motion the court now turns.

III

A

"[Rule 6(b)(1)(B)'s] requirements are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension[.]" 4B Wright & Miller, *supra*, § 1165, at 523-29. "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." *Id.* at 533-34. Excusable neglect encompasses "late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith[.]" *Panis*, 60 F.3d at 494 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (construing bankruptcy counterpart of Rule 6(b)(1)(B))). Other factors that courts have considered in assessing whether to grant relief under the predecessor of Rule 6(b)(1)(B) is the length of the applicant's delay and the prejudice to other parties. *See Mommaerts*, 472 F.3d at 968; 4B Wright & Miller, *supra*, § 1165, at 534.

B

On January 4, 2008, five days before Henning's responsive pleading was due, David Chaumette, Esquire ("Chaumette") telephoned Mattress Giant's counsel on defendants' behalf to request an extension of time to answer the complaint. "Chaumette explained that he was about to leave town for an arbitration in an unrelated

matter and would not return until January 12." *Mattress Giant*, 2008 WL 779919, at *1. Although the conversation ended without an explicit agreement for an extension to answer, Chaumette's efforts to secure an extension to answer demonstrate Henning's good faith. Chaumette's assumption that he would be able to file a late responsive pleading for Henning without an explicit agreement to that effect was careless, but it falls within the Rule 6(b)(1)(B) excusable neglect standard.

Moreover, the Clerk of Court entered a default against Henning before he was required to file a responsive pleading. *Id.* at *3. When a default is entered against a defendant prematurely, his failure to file a timely answer, although mistaken, can be considered excusable. A premature entry of default might reasonably lead a defendant to believe that filing an answer would be futile until the entry of default is set aside.

Finally, Mattress Giant will not suffer prejudice if Henning is allowed to file an untimely responsive pleading because Henning's delay was short since he attempted to file a responsive pleading fewer than three weeks after the deadline had passed.

In sum, the court finds that Henning's failure to timely file a responsive pleading was excusable. It therefore grants Henning's March 12, 2008 Rule 6(b)(1)(B) motion for an extension of time to file a responsive pleading. Henning must file his responsive pleading within 10 calendar days of the date this memorandum

opinion and order is filed.

$$*\quad *\quad *$$

The court grants in part and denies in part Mattress Giant's February 21, 2008 motion to strike defendants' responsive pleadings. Construing Henning's responsive brief to include a Rule 6(b)(1)(B) motion for an extension of time to file a responsive pleading, the court grants the motion.

**SO ORDERED.**

March 31, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE